UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-CV- 01792 -CAS(PLAx) | Date | April 6, 2015 |
|---|---|---|---|
| Title | PACIFICO PARTNERS 3 LLC V. DANNY DONGKI KIM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) PLAINTIFF'S *EX PARTE* APPLICATION TO REMAND ACTION TO LOS ANGELES COUNTY SUPERIOR COURT (dkt. 6, filed March 16, 2015)

## I.  INTRODUCTION

On January 6, 2015, plaintiff Pacifico Partners 3, LLC filed a complaint for unlawful detainer in the Los Angeles County Superior Court against defendants Danny Dongki Kim and Sarah Myongsun Kim for possession of property located at 1111 S. Grand Ave. #701, Los Angeles, CA 90015.  Dkt. 1.  The complaint alleges damages of less than $10,000.  Id.  On March 11, 2015, defendants removed the action to this Court on the basis of purported federal question jurisdiction.  Id.  Defendants allege that jurisdiction in this Court is proper because the unlawful detainer will deprive them of property without sufficient due process protections.

Plaintiff filed an *ex parte* application to remand the action to Superior Court on March 16, 2015.  Dkt. 6.  On March 20, 2015, the Court issued an order for defendants to show cause by March 27, 2015 as to why this lawsuit should not be remanded.  Dkt. 8.  Defendants have not responded to the Court's order.  Having carefully considered plaintiff's arguments, the Court finds and concludes as follows.

## II.  DISCUSSION

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  See 28 U.S.C. § 1441(a).  Courts recognize a "strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-CV- 01792 -CAS(PLAx) | Date | April 6, 2015 |
| Title | PACIFICO PARTNERS 3 LLC V. DANNY DONGKI KIM, ET AL. | | |

presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936); see also Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974). To the extent that defendant has attempted to create subject matter jurisdiction by alleging a federal defense, such attempts are unavailing because a federal defense is not part of a plaintiff's claim. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court"). Therefore, federal jurisdiction may not be based on an anticipated defense created by federal law. Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983); see Cal. Equity Mgmt. Grp., Inc. v. Jiminez , 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses.") (remanding unlawful detainer action); OP Dev., Inc. v. Pascal , 2011 WL 3687636, at *2 (E.D. Cal. Aug. 23, 2011) ("Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.").

It does not appear that federal subject matter jurisdiction exists in this case. First, it is settled that "[u]nlawful detainer actions are strictly within the province of state court." Fed. Nat'l Mortg. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Deutsche Bank Nat'l Trust, 2011 U.S. Dist. LEXIS 83854, at *2 ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:15-CV- 01792 -CAS(PLAx) | Date | April 6, 2015 |
|---|---|---|---|
| Title | PACIFICO PARTNERS 3 LLC V. DANNY DONGKI KIM, ET AL. | | |

is purely a matter of state law."). Here, the only claim plaintiff asserts is for unlawful detainer. Second, although defendants' notice of removal cites the Seventh and Fourteenth Amendments as potential sources of a defense, as explained above, such a defense cannot support federal question jurisdiction.

## III.  CONCLUSION

Because federal subject matter jurisdiction is lacking, the Court GRANTS plaintiff's *ex parte* application to remand this action to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |